IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MILDRED SUZANNE MCGREGOR,** § <br> §<br> **Plaintiff,** § <br> §<br> v. § <br> §<br> **NEWREZ, LLC,** *doing business as* § <br> **SHELLPOINT MORTGAGE** § <br> **SERVICING, and WELLS FARGO** § <br> **BANK N.A., as TRUSTEE,** § <br> §<br> **Defendants.** § <br> § | Civil Action No. 4:22-cv-761-ALM-KPJ |

### ORDER AND REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636. *See* Dkt. 2. As set forth below, the Court finds Plaintiff Mildred Suzanne McGregor's ("Plaintiff") claims against Defendants NewRez, LLC, d/b/a Shellpoint Mortgage Servicing ("NewRez") and Wells Fargo Bank N.A.'s, as Trustee, ("Wells Fargo," and together with NewRez, "Defendants") should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

On June 6, 2023, the Court granted J. Gannon Helstowski Law Firm and John G. Helstowski's ("Plaintiff's Counsel") "Unopposed Motion to Withdraw as Counsel of Record for Plaintiff" (the "Motion to Withdraw") (Dkt. 14) and permitted Plaintiff's Counsel to withdraw as counsel of record for Plaintiff in this matter.[1] *See* Dkt. 25 at 1, 4. The Court further ordered that

---

[1] On May 10, 2023, the Court ordered Plaintiff, Plaintiff's Counsel, and counsel for Defendants to appear at a hearing. *See* Dkt. 15. The Court ordered the May 10, 2023 Order be sent to Plaintiff at her email address, ssuzanne57@gmail.com, which had been provided as Plaintiff's email address by Plaintiff's Counsel. *See id.* at 2–3. On May 19, 2023, Defendants filed a Stipulation of Dismissal Without Prejudice (Dkt. 16) that was marked deficient on May 22, 2023. *See* Dkt. 17. On May 23, 2023, the Court held the hearing on the Motion to Withdraw (Dkt. 14) and

on or before thirty (30) days of receipt of the June 6, 2023 Order (Dkt. 25), Plaintiff shall obtain new counsel and have counsel enter an appearance before the Court, or file a notice informing the Court of Plaintiff's decision to proceed *pro se*. *See id.* at 4. The Court advised Plaintiff that if she failed to obtain new counsel or file a notice informing the court of her decision to proceed *pro se*, the Court would recommend that this case be dismissed without prejudice and, if dismissal was satisfactory to Plaintiff, no further action was necessary. *See id.* The Court additionally stayed all deadlines pending Plaintiff's time to obtain new counsel or file a notice informing the Court of Plaintiff's decision to proceed *pro se*. *See id.* To date, Plaintiff has not contacted the Clerk's Office or taken any action in this matter.

It is, therefore, recommended that Plaintiff's claims against Defendants be **DISMISSED WITHOUT PREJUDICE** for want of prosecution. *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure

---

Defendants' counsel, Adam Ragan ("Mr. Ragan"), made an appearance. *See* Minute Entry for May 23, 2023. Neither Plaintiff nor Plaintiff's Counsel attended the hearing. *See id.* The Court advised Mr. Ragan that he had not yet made an appearance on behalf of Defendant Wells Fargo Bank, N.A., as Trustee ("Wells Fargo"), and that the Court was concerned that a stipulation of dismissal may be improper due to Plaintiff's Counsel having raised that he had not been in communication with Plaintiff in the Motion to Withdraw (Dkt. 14). *See* Minute Entry for May 23, 2023. On May 23, 2023, Mr. Ragan made an appearance on behalf of Wells Fargo and filed a stipulation of dismissal (Dkt. 20).

On May 24, 2023, the Court reset the hearing to June 6, 2023. *See* Dkt. 21 at 2. The Court ordered Plaintiff, Plaintiff's Counsel, and counsel for Defendant be present, and the Court ordered the May 24, 2023 Order (Dkt. 21) be sent to Plaintiff via email at ssuzanne57@gmail.com. *See id.* On June 6, 2023, the Court held a hearing on the Motion to Withdraw (Dkt. 14). *See* Minute Entry for June 6, 2023. Plaintiff's Counsel and Mr. Ragan made an appearance; Plaintiff did not make an appearance. *See id.* Plaintiff's Counsel acknowledged that he had not spoken to Plaintiff regarding dismissing the case. The Court advised the parties that there was good cause to grant Plaintiff's Counsel's Motion to Withdraw (Dkt. 14) and an order would be entered finding as such. *See* Minute Entry for June 6, 2023. The Court advised Mr. Ragan that it would provide Plaintiff thirty (30) days to find new counsel or file a notice she was proceeding *pro se* and, if she failed to do so, the Court would recommend the case be dismissed without prejudice for want of prosecution. *See id.* The Court further advised that it would extend the stay of pretrial deadlines pending this time period. *See id.* Mr. Ragan had no objection and consented to this course of action. *See id.*

to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 29 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**IT IS ORDERED** that the Clerk of Court send this Order to Plaintiff at Plaintiff's email address, ssuzanne57@gmail.com.

**So ORDERED and SIGNED this 10th day of July, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE